**Diane L. KENNELLY, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security Administration, Defendant,**

and

**Michael J. Astrue, Commissioner of Social Security, Defendant–Appellee.**

**No. 07–16431.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2009.

Filed Feb. 27, 2009.

Mark Ross Caldwell, Caldwell & Ober LLC, Phoenix, AZ, for Plaintiff–Appellant.

Odell Grooms, Esquire, Jean M. Turk, Esquire, Social Security Administration Office of the General Counsel, San Francisco, CA, Michael A. Johns, Esquire, Of-

fice of the U.S. Attorney, Phoenix, AZ, for Defendant/Defendant–Appellee.

Before D.W. NELSON, W. FLETCHER and TALLMAN, Circuit Judges.

## MEMORANDUM *

Diane Kennelly appeals the district court's decision affirming the Administrative Law Judge's ("ALJ") denial of Social Security disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

A district court's decision upholding the ALJ's denial of Social Security disability benefits is reviewed de novo. *See Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir.2008). "The Secretary's decision to deny benefits will be disturbed only if it is not supported by substantial evidence or it is based on legal error." *Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir.1989).

### A. Rejection of Dr. Salk's Work Related Limitations Opinion

Kennelly first contends that the ALJ erred in disregarding the work-related limitations opinion of Dr. Salk. "While the ALJ may disregard the opinion of a treating physician, whether or not controverted, the ALJ may reject an uncontroverted opinion of a treating physician only for clear and convincing reasons." *Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes,* 881 F.2d at 751). Although Dr. Salk's opinion was uncontroverted, we reject Kennelly's argument because the ALJ provided a "clear and convincing" reason for disre-

garding the opinion. Substantial evidence supports the ALJ's finding that Salk's work related conclusions were inconsistent with his narrative. *See* 20 C.F.R. § 404.1527(d)(3); *see also id.* § 404.1527(d)(4).

### B. Rejection of Dr. Harris's Work Related Limitations Opinion

Second, Kennelly disputes the ALJ's rejection of Dr. Harris's opinion. Although the ALJ incorrectly stated that the opinions of the consultant examiners were inconsistent with Dr. Harris's findings, Dr. Harris was contradicted by the nonexamining physicians, and the "specific and legitimate" standard applies. *See Andrews,* 53 F.3d at 1041. Although the ALJ could not discount Dr. Harris's testimony solely because he was not a mental health specialist, *see Lester v. Chater,* 81 F.3d 821, 833 (9th Cir.1995), the ALJ was entitled to consider the doctor's area of specialty when weighing conflicting medical opinions, *see* 20 C.F.R. § 404.1527(d)(5). The ALJ thus provided a "specific and legitimate" reason for crediting the nonexamining psychiatrists over an examining internal medicine practitioner. *Cf. Andrews,* 53 F.3d at 1042–43.

### C. Rejection of Drs. Swarup and Welker; and Concomitant Reliance on Dr. Cunningham

Third, Kennelly claims that the ALJ erred in rejecting the recommendations of Drs. Swarup and Welker, and relying instead on the report of Dr. Cunningham. Because Drs. Welker and Swarup were contradicted by Dr. Cunningham, the "specific and legitimate" standard applies. *See Andrews,* 53 F.3d at 1041. We find that the ALJ did not err in discounting Drs. Welker and Swarup, because his

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

finding that their conclusions were inconsistent with their treatment notes was supported by substantial evidence. *Cf. Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir.2001) (citing 20 C.F.R. §§ 404.1527(c)(2), (d)(2), and (d)(4)); *see also Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir.2001). Having properly disregarded Drs. Welker and Swarup, the ALJ was entitled to rely on other evidence in the record. *See* 20 C.F.R. § 404.1527(f)(2).

### D. *Reliance on Nonexamining Physicians Who Did Not Testify*

Fourth, Kennelly argues that the ALJ improperly relied on the reports of nonexamining physicians who did not testify. This argument has been foreclosed by the Supreme Court. *Richardson v. Perales*, 402 U.S. 389, 402–03, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

### E. *Rejection of Kennelly's Symptom Testimony*

Finally, Kennelly claims that the ALJ improperly discounted her symptom testimony. In general, "questions of credibility and resolution of conflicts in the testimony are functions solely for" the ALJ. *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir.2007) (internal quotation marks omitted). The ALJ gave three reasons for rejecting Kennelly's symptom testimony: (1) Kennelly's failure to follow prescribed treatment; (2) Kennelly's activities of daily living; and (3) the objective medical evidence.

We find that the ALJ provided "clear and convincing reasons" for discounting her testimony. His finding that Kennelly failed to exercise is supported by the record—Kennelly testified that she occasionally walked up the block, but reported that she did not join a gym and she did not participate in aquatic therapy, notwithstanding the recommendations of Drs. Welker and Swarup. Kennelly also appears to have mischaracterized her doctors' recommendations regarding her need for exercise. As for her activities of daily living, the trimming of the rosebushes, the visit to Texas by car, as well as her reports of driving and grocery shopping are inconsistent with having to lie down for six or seven hours in an eight-hour day. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir.2002).

Finally, although an ALJ may not disregard a claimant's testimony "*solely* because it is not substantiated affirmatively by objective medical evidence," *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir.2006) (emphasis added), he may use the medical evidence in the record as one factor in his evaluation, *see Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir.2007).

**AFFIRMED.**